IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

GARY HARALSON,

    Plaintiff,

vs.                                               CASE NO. 1:05CV84-MMP/AK

D. KELLY, et al,

    Defendants.

_____/

## O R D E R

Plaintiff brings this cause pursuant to 42 U.S.C. §1983 alleging a number of conditions of his confinement that he contends violate his civil rights. (Doc. 1).

From a review of the complaint, it is evident that the facts as presented fail to state a claim upon which relief can be granted. Consequently, the Clerk will mail to him another civil rights complaint that Plaintiff must complete in its entirety. He does not need to file any service copies of the complaint at this time.

First, Plaintiff has no cause of action under 42 U. S. C. §1983 for Defendant's alleged verbal abuse. See Keenan v. Hall, 83 F3d 1083, 1092 (9th Cir. 1996) (assaultive comments by prison guard not enough to implicate the Eighth Amendment);

Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987) (mere threat does not constitute constitutional wrong); Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989) (prisoner has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in deprivation of protected liberty interest); Siglar v. Hightower, 112 F.3d 191, 193 (5 Cir. 1997) (verbal abuse not cognizable under 1983); Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir. 1986) (same), *cert. denied*, 485 U.S. 982 (1988) (same). All claims Plaintiff has raised in his complaint about inappropriate language should be eliminated from an amended complaint if he chooses to file one.

Second, the Eleventh Circuit has interpreted Balisok to foreclose all claims challenging a disciplinary proceeding unless they were "purely procedural, as in Wolff...." Harden v. Pataki, 320 F.3d 1289, 1295 n.9 (11th Cir. 2003).

The procedural requirements for a disciplinary hearing are three-fold: (1) advance written notice; (2) a written statement of the reasons for the disciplinary action taken; and (3) the opportunity to call witnesses and present evidence. Wolff, 418 U.S. at ***; Young v. Jones, 37 F.3d 1457, 1459-60 (11th Cir. 1994); Bass v. Perrin, 170 F.3d 1312, 1318 (11th Cir. 1999).

It does not appear from a review of the complaint that Plaintiff alleges any procedural problems with his disciplinary hearing, he just disagrees with the result and that is not a constitutional claim and should be deleted from the amended complaint, if he chooses to file one.

**No. 1:05cv84-mmp/ak**

Third, Plaintiff complains that his access to courts has been hampered by Defendant Fountain not giving him grievance forms. It is true that the First Amendment prohibits prison officials from interfering with a prisoner's right of access to the court. <u>Johnson v. Avery</u>, 393 U.S. 483, 89 S. Ct. 747, 21 L. Ed. 2d 718 (1969) (in context of habeas petitions); <u>Wolff v. McDonnell</u>, 418 U.S. 539, 94 S. Ct. 2963, 41 L. Ed. 2d 935 (1974) (extending right to civil rights suits). However, this right is limited to challenges to the length or conditions of confinement. <u>Lewis v. Casey</u>, 518 U.S. 343, 116 S. Ct. 2174, 135 L. Ed. 2d 606 (1996). Further, in order to state a claim for denial of access to the courts, a plaintiff must plead and prove prejudice or an "actual injury" stemming from the alleged interference. *Id.*, p. 351. The Court is aware that grievance forms are available from a number of sources such that one corrections officer could not prevent Plaintiff from obtaining the necessary forms. Further, Plaintiff has not shown any injury from this act. Consequently, his claims regarding this incident are not viable and should be deleted from an amended complaint.

Fourth, the only claims Plaintiff seems to assert against the Warden concern the Warden's response to his grievances. This is not a claim. Merely signing a grievance does not create liability where the signer had no personal involvement in the alleged violations. <u>Manney v. Moore</u>, 151 F.Supp. 2d 976 (N.D. Ill. 2001).

Fifth, Plaintiff claims that the Defendants have violated his right to mail because he has been unable to obtain a subscription to Star magazine and a piece of mail was delivered to him dirty. Plaintiff should recite the facts about the magazine more clearly and provide more information as to who denied him this magazine if that is the case and

**No. 1:05cv84-mmp/ak**

what reasons were provided. The Court is familiar with DOC procedures regarding mail and if the magazine was returned or otherwise confiscated Plaintiff should have received a form advising him of the action and reason for it. Plaintiff's complaint that Defendant Kelly gave him a dirty piece of mail is frivolous and should not be included in an amended complaint.

Finally, there are no clear claims stated against Defendants Richardson, Spears, Bailey and Lancaster. Plaintiff should not include these persons unless he can clearly articulate what constitutional violations he claims they committed.

In amending, Plaintiff should carefully review the foregoing to determine whether he can present allegations sufficient to state a cause of action under the relevant law. If Plaintiff is able to file an amended complaint, he must name as Defendants only those persons who are responsible for the alleged constitutional violations. Plaintiff must place their full names in the style of the case on the first page of the civil rights complaint form and in the other appropriate sections of the form. Further, Plaintiff should clearly describe how each named Defendant is involved in each alleged constitutional violation. In civil rights cases, more than conclusory and vague allegations are required to state a cause of action. *See*, *e.g.*, Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984). In presenting his claims, Plaintiff must set forth each allegation in a separately numbered paragraph, as it is essential that the facts relating to each Defendant be set out clearly and in detail.

**No. 1:05cv84-mmp/ak**

To amend his complaint, Plaintiff must completely fill out a new civil rights complaint form, marking it "Amended Complaint."  Plaintiff is advised that the amended complaint must contain all of Plaintiff's allegations and should not in any way refer to the original or amended complaints.  An amended complaint completely replaces all previous complaints and all earlier complaints are disregarded.  N.D. Fla. Loc. R. 15.1.  Plaintiff should file the amended complaint in the Court and keep one identical copy for himself.  Plaintiff need not file service copies until instructed to do so by the court.

Accordingly, it is hereby

**ORDERED:**

1.  The clerk of court shall forward to Plaintiff another Section 1983 form.

2.  Plaintiff must respond to this order by **August 15, 2005.**

3.  **Failure of Plaintiff to respond to this order or submit the requested information or explain his inability to do so will result in a recommendation to the District Judge that this action be dismissed.**

**DONE AND ORDERED** this  **15th**  day of July, 2005.


s/ A. KORNBLUM
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**